# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRAND RIVER DAM AUTHORITY, a governmental agency of the State of Oklahoma,<br><br>Plaintiff,<br><br>vs.<br><br>THE BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant,<br><br>and<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-CV-033-TCK-SAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Currently before the Court is the motion by Defendant BNSF Railway Company ("BNSF") for a protective order. [Docket No. 113]. Plaintiff seeks the deposition of BNSF's Chairman, President, and Chief Executive Officer, Matthew K. Rose. Defendant contends that Mr. Rose had marginal involvement in this case and seeks a protective order to prevent his deposition from occurring. Plaintiff maintains that the deposition of Mr. Rose has relevant factual information.

In *Evans v. Allstate Insurance Co.*, 216 F.R.D. 515 (N.D. Okla. 2003), the Court discussed the standard for evaluating whether or not a corporate officer should be disposed.

> The law governing depositions of "apex" employees is well articulated in *Folwell v. Hernandez*, 210 F.R.D. 169 (M.D.N.C. 2002). In noting Sara Lee Corporation's reliance on the

> decision in *Baine v. General Motors*, 141 F.R.D. 332 (M.D. Ala. 1991), the *Folwell* Court stated:
>
>> The *Baine* Court held that Rule 26(b) gives the court power to regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive. . . .
>> . . . .
>> Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case.

*Evans v. Allstate*, 216 F.R.D. 515, 518-19 (Okla. 2003).

The Court has reviewed the briefs of the parties, considered the arguments of the parties, and reviewed the affidavits and exhibits presented by the parties. The Court concludes that Mr. Rose has unique personal knowledge relevant to the issues in this case. Plaintiff has demonstrated a variety of issues about which Mr. Rose has personal knowledge. Plaintiff transcribed a detailed telephone conversation in which Mr. Rose participated that is relevant to the action. In addition Plaintiff has reason to believe that Sami Shalah, who is BNSF's Vice President of Coal Marketing was directed to impose a "fuel surcharge" on coal traffic by Mr. Rose. The degree of personal knowledge established by Plaintiff is not limited to the instances which the Court is listing. The Court is persuaded that Plaintiff has demonstrated a need to the depose Mr. Rose. The motion for protective order is denied. [Docket No. 113].

Dated this 7th day of February 2007.

Sam A. Joyner
United States Magistrate Judge